*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER LEWIS KING,

Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 363916
Jackson Circuit Court
LC No. 20-001609-FC

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

MURRAY, J. (*dissenting*).

I would affirm defendant's sentence because nothing in the record indicates that, in crafting the sentence, the trial judge even partially considered any alleged refusal by defendant to admit guilt. Instead, the record reflects that defendant *did* admit his guilt during sentencing, so there was in fact no refusal that could be considered by the court. *People v Dobek*, 274 Mich App 58, 104; 732 NW2d 546 (2007).

During sentencing, and after the attorneys and court discussed preliminary matters, the court asked defendant whether he had anything to say before his sentence was imposed, and defendant's first words were: "Yes. I am sorry for everything that happened and [inaudible] we got here." Defendant's statement was an admission that he committed the acts comprising the crimes. In fact, there was no dispute that defendant committed these acts, as his defense at trial was his lack of a specific *mens rea*, not that he didn't do the acts comprising the crimes, and at sentencing his attorney conceded as much. Thus, there was no failure to admit guilt which the trial court could have used in sentencing defendant, and any reliance upon *Dobek* was unnecessary.

There is no doubt that the court and defendant had a discussion during sentencing regarding why defendant did what he did, as defendant asserted that he didn't remember doing the acts. Although the trial court stated it did not believe defendant, the trial court moved on to examining the circumstances of the high-speed chase, the discharge of the weapons, and the area in which the bullets were discharged. In rendering sentence, the trial court noted the "substantial and compelling" reasons for its departure from the advisory guidelines, which included defendant's use of multiple weapons, defendant's high-speed vehicular pursuit of the victim during the middle

-1-

of the day, and his lack of remorse. The trial court first noted the aggravating circumstances of the crimes that warranted a departure:

> You now, and, and as a judge I sit there and I said, you know, is there some, some mitigating circumstances like the, like the last guy that was in front of me. He got pulled over by the police and kind of reached into his vehicle, tried to get his phone. They were a little concerned he might, that he might be going for a gun or something. But you know, I gave him credit for the two days, suspended the rest and sentenced, put him on probation.

> You know, you're, you're, your case is one that's on the other end of the spectrum. I mean if, if there's, if you look at the aggravating circumstances you got every one of them I, I mean you're chasing this poor kid, young kid down. And you know, and I don't know what the deal is. I don't know if he moved in on your turf. I, I, I don't know if you, you, you owed him some, he owed you some money. I don't know what it was.

> But you, you know, you armed yourself with a handgun and an AR-15 and in, in the, in the middle of the day started a, a, a high speed chase where you were firing a pistol and then you ultimately got an AR-15 and you fired it into an occupied dwelling[1] with a senior citizen and, and a teenaged girl and a young man. And I mean there were multiple shells.

> So, so I, I'm not going to sentence you to what, just within the guidelines. I'm going to exceed the guidelines.

The court went on to discuss additional factors, including defendant's lack of remorse, and specifically provided for appellate review a summation of the reasons for the sentence:

> And then on top of that [the aggravating circumstances] I think you have absolutely no remorse. You tell me you have no recollection. But, but I don't believe that. I think you knew exactly what you were doing.

> * * *

> And, and I, I want the, the, the appellate courts to understand that when I, when I look at your wanton and willful disregard, arming yourself with, with a handgun and then an assault rifle in the middle of the day, trying to run down another vehicle, firing multiple shots, then pursuing him [Marshall] into his home where you were outside but then fired active rounds into a, a home occupied by three people and, you know, I, I, I, I think that there's sufficient aggravating circumstances to justify that five years and I think it's proportional.

---

[1] As the majority opinion recognizes, the evidence showed bullets hitting the garage, not the occupied home.

To determine whether a sentence outside the guidelines range is more proportionate than a sentence within the guidelines, the court may consider "(1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (citations omitted).

The trial court's explanation for defendant's sentence met the requirements imposed by *Dixon-Bey*. Those reasons did not relate to *any* asserted refusal to admit guilt, and because defendant did admit guilt, the trial court properly considered his lack of express remorse. See e.g., *People v Lawhorn*, 320 Mich App 194, 207; 907 NW2d 832 (2017) (recognizing that sentencing courts have departed from the guidelines for reasons including "the defendant's expressions of remorse[ ] and the defendant's potential for rehabilitation" when warranted) (quotation marks and citation omitted); *People v Carlson*, 332 Mich App 663, 675; 958 NW2d 278 (2020) (where the sentencing court explicitly rejected defense counsel's expressions of remorse on defendant's behalf). The trial court's colloquy with defendant about the circumstances surrounding the crimes, i.e., the acts defendant did not deny committing but purportedly could not remember, was completely proper. How else could the court determine the intent behind defendant's acts, which is a relevant factor in determining a proper and proportional sentence? And importantly, relative to what the majority holds, those questions had *nothing* to do with defendant not admitting guilt for any crime. Instead, the sentencing transcript reflects that the trial court more than adequately explained the reasons supporting the sentence imposed, and those reasons were legitimate factors in determining whether to impose a sentence outside the advisory guidelines range. The trial court's reasoning contained none of the attributes attributed to it by the majority.

I would affirm, as the trial court did not abuse its discretion in imposing this sentence on defendant.

/s/ Christopher M. Murray